UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAVID HOLLINS, JR.,
4019 N. 18th Street
Milwaukee, WI 53209

    Plaintiff,                      Case No. 05-C-0623

v.

CITY OF MILWAUKEE,
OFFICER CHARLES LIBAL

    Defendants.

## COMPLAINT

NOW COMES the above named plaintiff, by his attorneys, GENDE LAW OFFICES, S.C., and The Law Offices of Robert G. Bernhoft, as and for his claims against the above named defendant, alleges and shows to the Court as follows:

### INTRODUCTION

This case involves Milwaukee's police department's method of avoiding "Rodney King" problems – harass and beat up the photographer to avoid anyone ever capturing such an event on film and deter such freelance photographers in the first place. David Hollins, Jr., a local photographer and veteran of the First Gulf War, retired United States Army, often freelances for various local news outlets covering police activity in the City of Milwaukee. Many of the news outlets he provides photography for predominantly serve the city's African-American population. In June of 2002, while engaged in this activity of photography in a public space, photographed the city's police department conducting a raid of a home. He did so from outside

the police zone surrounding the home, completely across the street where other citizens were nearby. Spotting his camera, the police officers came across the street, demanded a cessation of all photography, arrested Hollins, assaulted him to the point of knocking him unconscious, and took him into custody. Hollins seeks to vindicate his civil rights, violated on that day, by this action.

## THE PARTIES

1. That at all time pertinent to this Complaint, the plaintiff, David Hollins, Jr., was an adult citizen and resident of the State of Wisconsin.

2. At all times herein mentioned, Defendant City of Milwaukee ("City"), with offices at 200 East Wells Street, Milwaukee, WI 53202, was a Municipal Corporation organized under the laws of the State of Wisconsin.

3. At all time pertinent to the Complaint, Defendant Officer Charles Libal was an adult resident of the Eastern Judicial District of the State of Wisconsin and a police officer for the City of Milwaukee Police Department. At all times pertinent to this Complaint, Office Libal was an agent/employee of the City of Milwaukee.

## JURISDICTION AND VENUE

4. This is an action for damages consequent to the violation of Plaintiff's First and Fourteenth Amendment rights and is brought under the authority of 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure and 42 U.S.C. §§ 1983.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3), 2201, 2202 and 42 U.S.C. §§ 1983.

6. Venue is proper in this District under 28 U.S.C. § 1391(b).

7. All of the acts and omissions that are the subject of this Complaint occurred in the Eastern Judicial District of the State of Wisconsin.

8. This Court is the appropriate venue for this matter pursuant to 28 U.S.C. § 1391, because all of the parties either reside, resided and/or did business in the Eastern Judicial District of Wisconsin and the circumstances giving rise to this claim occurred there.

## GENERAL ALLEGATIONS

9. David Hollins, Jr., ("Hollins") often does freelance photography for local newspapers, including newspapers that provide news and information to the African-American population of Milwaukee.

10. That on June 23, 2002, at approximately 5:35 p.m., the plaintiff Hollins, was lawfully in the public domain at or near the intersection of 2203 N.35th Street, City of Milwaukee, State of Wisconsin.

11. That on the same date, Hollins, while lawfully in the public domain at the above noted address, was a pedestrian, civilian, stand-by observer of the City of Milwaukee Police Department, and its police officers ("Officers").

12. That on the same date, Hollins observed the City's Officers, including but not limited to Officers Qwenton Powell and Charles Libal, effectuate an action against a premises located at 2004 N.35th Street.

13. That on the same date, Hollins while lawfully in the public domain engaged in his right of freedom of speech and of the press and used a digital camera to photograph the scene of the police action, after Officers completed their action against the above noted premises.

14. That on the same date, Hollins presented no danger to himself, the general public or any Officer(s) at any point in time before, during or after the action by said Officer(s) against the above noted premises.

15. That on the same date, multiple Officers did forcibly and without just or probable cause accost Hollins as he took photographs at the above noted address, after the Officer(s) had effectuated an action against the above noted premises.

16. That on that same date, the Officers then wrongfully detained Hollins by making physical contact with Hollins' person, forcing him to the ground, pepper spraying his face and body, twisting his arms, choking his neck, restraining his arms and legs, kneeing the small of his back, amongst using other unnecessary force, to wrongfully deprive Hollins of his Constitutional Freedoms, even though he presented no danger to himself, the general public or any Officer(s) at any point in time before, during or after the action by said Officer(s) against the above noted premises.

17. That the wrongful conduct of the defendants, City and its Officers, as afore and hereinafter alleged, directly and proximately caused permanent injuries and damages to the plaintiff, Hollins, including past and future pain, suffering, disability and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; other compensable injuries and damages, all to his damage in an amount to be determined at a trial of this matter.

# CAUSE OF ACTION
## DEPRIVATION OF HOLLINS' RIGHTS AND LIBERTIES SECURED UNDER THE FIRST, FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS PROTECTED BY 42 U.S.C. § 1983

18. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

19. The Officer(s) had no cause to arrest or detain Hollins on the date in question for his protected free press activities in photographing the scene from outside the police barrier, no cause to assault him, and no cause to detain him, within their lawful authority.

20. The City failed to properly train and supervise its Officers, which led to the wrongful arrest and assault of Hollins.

21. The conduct of the City reflects reckless and callous disregard for the rights of the press, especially independent African-American photographers covering the City's policing conduct in African-American neighborhoods, and callous disregard for the rights of Hollins as knowingly secured by the Constitution of the United States.

22. The actions of defendants, acting under color of state law, constituted an impermissible infringement of the plaintiff's right to free speech and assembly as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States; an impermissible invasion of plaintiff's right to be secure in his person, house, papers, and effects against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States; and an invasion of the plaintiff's right to be free from deprivation of his liberty and property without due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States; excessive use of force in contravention of the Fourth and Fourteenth Amendments to the

Constitution of the United States, all of which violations are made actionable by 42 U.S.C. §§ 1983.

23. As a direct and proximate result of the City's actions, conduct alleged above, Hollins suffered great physical harm, pain and suffering, lost wages, and humiliation, among other damages.

WHEREFORE the plaintiff demands:

    a. Enter a judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure declaring that the actions taken by the defendants were unlawful and in violation of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States;

    b. Enter a judgment in favor of plaintiff against the defendants jointly and severally, and where appropriate in both their official and individual capacities, awarding the plaintiff compensatory damages, including, but not limited to medical expenses and compensation for violation of Constitutional rights, in an amount to be determined by a jury impaneled for that purpose;

    c. Enter a judgment in favor of plaintiff against the defendants jointly and severally, and where appropriate in both their official and individual capacities, awarding the plaintiff punitive damages in amounts sufficient to deter them and others from undertaking like unlawful conduct in the future, as determined by a jury impaneled for that purpose;

d. Grant plaintiff the costs, disbursements, and attorneys' fees of this action;

e. Grant plaintiff such other and further relief, both at law and in equity, as may be just and proper.

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS A TRIAL IN THE ABOVE ENTITLED ACTION.**

Dated at Waukesha, Wisconsin this ____2____ day of June, 2005.

**GENDE LAW OFFICES**
Attorneys for Plaintiff(s)

By: _____
James J. Gende II
State Bar No. 1030921
Robert E. Barnes
State Bar No. 1038252

**MAILING ADDRESS:**
W229N2573 Duplainville Road
Waukesha, WI 53186
Telephone: 262.970.8500
Facsimile: 262.970.7100