# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

August 24, 2009

To:     Jon W. Sanfilippo
        UNITED STATES DISTRICT COURT
        Eastern District of Wisconsin
        Milwaukee , WI 53202-0000

| | |
|---|---|
| No.: 08-3505 | DAVID HOLLINS,<br>Plaintiff - Appellant<br><br>v.<br><br>CITY OF MILWAUKEE, CHARLES LIBAL, and DEMETRIUS RITT,<br>Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 2:05-cv-00623-CNC<br>Eastern District of Wisconsin<br>District Judge James T. Moody |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

AMOUNT OF BILL OF COSTS (do not include the $):     109.80

DATE OF MANDATE OR AGENCY CLOSING LETTER ISSUANCE:     08/24/2009

If PARTIAL RECORD RETURN:     Record to be returned later

Pleadings to be returned later:     1

Loose pleadings to be returned later:     2

Transcripts to be returned later:     1 on CD

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                          **Received by:**

_____                    _____

form name: **c7_Mandate** (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

July 31, 2009

BEFORE:    WILLIAM J. BAUER, Circuit Judge
           JOEL M. FLAUM, Circuit Judge
           TERENCE T. EVANS, Circuit Judge

| No.: 08-3505 | DAVID HOLLINS,<br>Plaintiff - Appellant<br><br>v.<br><br>CITY OF MILWAUKEE, CHARLES LIBAL, and DEMETRIUS RITT,<br>Defendants - Appellees |
|---|---|
| **Originating Case Information:** | |
| District Court No: 2:05-cv-00623-CNC<br>Eastern District of Wisconsin<br>District Judge James T. Moody | |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment** (form ID: **132**)

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3505

DAVID HOLLINS,

*Plaintiff-Appellant,*

*v.*

CITY OF MILWAUKEE, CHARLES LIBAL, AND
DEMETRIUS RITT,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 2:05-cv-00623-CNC—**James T. Moody**,* *Judge.*

ARGUED APRIL 10, 2009—DECIDED JULY 31, 2009

Before BAUER, FLAUM and EVANS, *Circuit Judges*.

BAUER, *Circuit Judge.* On June 23, 2002, Milwaukee
police officers executed a search warrant at a suspected
drug house. David Hollins, a passerby, stood in close

---

* The Honorable James T. Moody, Senior Judge of the United
States District Court for the Northern District of Indiana,
sitting by designation.

No. 08-3505

proximity and photographed the scene. After Hollins
failed to comply with the officers' instruction to leave
the immediate area, he was forcibly arrested. Hollins
sued the City of Milwaukee and Milwaukee Police
Officers Charles Libal and Demetrius Ritt, claiming that
the defendants violated his First, Fourth, and Fourteenth
Amendment rights. Defendants moved for partial sum-
mary judgment. The district court granted the motion in
part, dismissing the City as a defendant but finding that
triable issues of fact remained concerning several of
Hollins' claims against the officers. At trial, the jury
found in favor of Officers Libal and Ritt. On appeal,
Hollins argues that the district court improperly
granted summary judgment in favor of the defendants
and, further, committed reversible error at trial. We affirm.

## I.  BACKGROUND

On June 23, 2002, officers from the Milwaukee Police
Department searched a residence located at 2004 North
35th Street in the city of Milwaukee. Police had received
information that the suspects inside the residence were
armed and that look-outs may have been present in the
vicinity.

Officer Ritt was one of the officers conducting the search,
while Officer Libal was acting as a containment officer;
Libal's duties included preventing individuals from
entering or exiting the residence or surrounding area.
The containment area included both sides of 35th Street.

Hollins was walking down 35th street and came upon
the police scene as the officers were in the process of

Case: 08-3505    Document: 12606    Filed: 07/01/2009    Pages: 13

executing the search. Hollins, a freelance photographer, took out his camera and began snapping pictures from across the four lane street in front of the residence that was being searched. While maintaining his position of containment, Libal noticed Hollins. According to Libal, he was concerned about Hollins' presence there, believing it created a risk for both Hollins and the officers. Libal also did not know if Hollins was involved with or related to the targets inside the residence. Libal crossed the street and walked toward Hollins; he ordered Hollins to move south of his location and out of the area directly in front of the purported drug house.

Hollins alleges that after Libal crossed the street, he pushed Hollins to the ground and ordered him "to get the fuck out of here" or he was going to "slap him with a loitering citation." Libal denies making these com-ments and claims that Hollins was physically escorted, not pushed, in a direction away from the police scene. Hollins moved a short distance south before stopping and declaring that he had a right to be there. He refused to move further and requested Libal's name and badge number. At that point, Hollins claims, Libal responded, "that's it, fucker, you are going to jail." With the assistance of Ritt, Libal then arrested Hollins. The parties differ as to the amount of force Libal, Ritt, and the other officers used in making the arrest, and as to the amount of resistance Hollins displayed as it occurred, but Hollins asserts that he was choked, thrown to the ground, and maced; his camera was also broken. In any event, Libal issued a municipal citation to Hollins for resisting or obstructing an officer.

Case 2:05-cv-00623-CNC   Filed 08/24/09   Page 7 of 19   Document 156

Case: 08-3505    Document: 0011260615    Filed: 07/01/2009    Pages: 13

The matter proceeded to trial, where Hollins was found
guilty of violating the ordinance and ordered to pay a
fine. Hollins did not appeal the judgment entered by the
municipal court. On June 8, 2005, Hollins brought suit
regarding the circumstances surrounding his arrest. His
complaint, later amended, alleged that Officers Libal and
Ritt violated his First, Fourth, and Fourteenth Amend-
ment rights, including his rights to free speech and free-
dom from unreasonable searches and seizures. Hollins
also brought a claim of municipal liability under 42 U.S.C.
§ 1983, alleging that the City of Milwaukee and its
former and current police chiefs failed to properly train
city police officers, which led to the wrongful arrest
and excessive use of force.

On October 2, 2006, the defendants filed a motion for
partial summary judgment as a matter of law on several
of Hollins' claims. Because Hollins maintained that he
was unnecessarily beaten and sprayed with pepper
spray by the officers, the parties agreed that there were
triable issues of fact concerning Hollins' excessive force
claim.

On May 31, 2007, the district court granted the motion
in part. The court found that the City of Milwaukee and
its police chiefs (former and current) were entitled to
judgment as a matter of law on Hollins' § 1983 claim of
municipal liability; accordingly, those defendants were
dismissed as parties to the suit. The court also dis-
missed Hollins' First Amendment and due process claims
against Libal and Ritt; however, his claim of unlawful
arrest and detention as to Officer Libal, and excessive

use of force, as to both Libal and Ritt, proceeded to trial. A jury found in favor of Libal and Ritt and the court entered judgment on September 2, 2008.

On appeal, Hollins contends that the district court improperly dismissed his § 1983 and First Amendment claims at summary judgment and further erred in several rulings it made during trial. He argues that triable issues of fact exist concerning whether the City of Milwaukee failed to properly train its police officers regarding the authority to remove, arrest, and forcibly detain a citizen; and whether Libal and Ritt violated his First Amendment right to photograph the police search. Hollins also argues that the district court erred by: (1) failing to ask potential jurors Hollins' proposed question concerning possible racial biases; (2) limiting the cross-examination of Officer Ritt concerning previous allegations of official misconduct; and (3) refusing to submit Hollins' proposed instruction to the jury concerning the scope of the relevant municipal ordinance and the lawfulness of his arrest. We first consider Hollins' claims dismissed at summary judgment, then proceed to the alleged errors at trial.

We review a district court's grant of summary judgment de novo. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008) (citations omitted). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Darst*, 512 F.3d at 907.

6                                                    No. 08-3505

In his amended complaint, Hollins claimed that the
City of Milwaukee and its former and current police chiefs
were deliberately indifferent regarding the training of
Milwaukee police officers in several areas. On appeal,
Hollins presents a largely incoherent argument on the
above claim. Rather than focus on the police training
issue raised below, Hollins continues to assert that his
Fourth Amendment rights were violated. However,
Hollins' claims of unlawful arrest and detention and
excessive use of force proceeded to trial, where a jury
ruled against him. Hollins also appears to challenge the
constitutionality of Section 105-138 of the Milwaukee
Code of Ordinances, which prohibits resisting or obstruct-
ing an officer in the course of duty. Hollins did not
raise such a challenge in his suit before the district court
and cannot do so for the first time on appeal. *Hicks
v. Midwest Transit, Inc.* 500 F.3d 647, 652 (7th Cir. 2007).

In the event that, somewhere within the fog of Hollins'
brief there is indeed a claim that the City of Milwaukee
failed to properly train its officers on proper arrest, deten-
tion, and use of force procedures, we consider that argu-
ment now.

To impose liability under § 1983 on the City of Milwau-
kee, Hollins must prove that the constitutional depriva-
tion was caused by an official municipal policy or custom.
*Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th
Cir. 1986). To establish a municipal policy or custom,
Hollins must allege a specific pattern or series of
incidents that support the general allegation of a custom
or policy. The inadequacy of police training may serve

No. 08-3505                                                      7

as the basis for § 1983 liability, but only where the
failure to train amounts to deliberate indifference to the
rights of persons with whom the police come into con-
tact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Hollins must set forth some evidence that the City of
Milwaukee's failure to train its officers amounted to
deliberate indifference to the rights of individuals with
whom the officers came into contact. *Id*. He fails to do
so. Instead, Hollins merely asserted that a contention
made by the City of Milwaukee in its response to
Hollins' complaint, that "an officer may order a citizen
from a public place when the officer perceives that the
safety of the citizen, other citizens or officers in the area
may be put at risk," demonstrates such deliberate indif-
ference because of the unfettered authority it provides
to Milwaukee police. As the district court noted, this
is insufficient. Hollins does not identify any policy,
practice or custom that deprived him of his constitu-
tional rights. Moreover, the City of Milwaukee
presented unrebutted evidence demonstrating that its
officers are trained in the areas of civil rights, constitu-
tional law, arrest and detention procedures, use of force,
and the Milwaukee Code of Ordinances, including the
resisting and obstructing ordinance at issue. Therefore,
we agree with the district court that Hollins has failed to
raise a genuine issue of material fact on the claim of
municipal liability.

Hollins next claims that the district court improperly
granted summary judgment in favor of Libal and Ritt on
his First Amendment claim, contending that his rights

were violated when the officers ordered his removal from the police scene for photographing the execution of the search warrant.

The officers, however, assert that Hollins' picture-taking had nothing to do with his arrest. Rather, they maintain, Hollins was directed to leave the area because he stood directly across the street from a purported drug house, where a high-risk search warrant was in the process of being executed. Hollins was arrested because he failed to comply with this instruction. The officers note that Hollins was charged with, and subsequently found guilty of, violating the municipal ordinance. The district court found that Hollins failed to address this issue in his response brief and offered no evidence to support his claim of a First Amendment violation. On appeal, Hollins fares no better. His allegation remains unsupported and, therefore, we find that summary judgment was proper.

Proceeding on to Hollins' claims emanating from trial, he first contends that the district court erred by not asking potential jurors his proposed question designed to identify possible racial biases. We review the district's court alleged error during voir dire for an abuse of discretion. *Dominguez v. Hendley*, 545 F.3d 585, 592 (7th Cir. 2008).

Hollins challenges the district court's refusal to ask potential jurors the question, "[h]ow many of you believe African-Americans have a tendency to commit crime more than other people?" According to Hollins, such an inquiry was necessary because the "biases" and "racial prejudices" of law enforcement were a fundamental

No. 08-3505                                                                9

issue at trial. Hollins is mistaken. Hollins was not a crimi-
nal defendant in this trial, but a civil plaintiff. Further-
more, he had not raised any racially-focused claim in
his complaint. The proposed question had nothing to do
with either the law or facts at issue in this case. Rather,
had the court asked the question, it would have raised a
racial issue where none was present and risked side-
tracking the jury from the real issues at trial—whether
Libal and Ritt had probable cause to arrest Hollins and
whether they used excessive force in doing so. Finally, as
a review of the record makes clear, the district court
properly questioned the potential jurors concerning all
relevant areas of inquiry in order to elicit prejudices
or biases of any kind. We find no abuse of discretion.

   Hollins next contends that the district court erred by
not allowing into evidence questions concerning allega-
tions of misconduct by Ritt. We review a district court's
evidentiary rulings for an abuse of discretion. *United
States v. Owens*, 424 F.3d 649, 653 (7th Cir. 2005).

   Before trial, the district court granted a motion in limine
precluding Hollins from introducing "certain employment
and personnel records" during his case-in-chief. The
records concerned a police department investigation
into an allegation that Ritt had falsified police reports;
however, no finding was ever made that Ritt actually
committed the wrongdoing. Following the conclusion
of Hollins' case-in-chief, the defense called Ritt to testify.
After direct examination, Hollins sought to cross-examine
Ritt about the alleged misconduct. Hollins' counsel began,
"Detective Ritt, were you asked to leave the Milwaukee

10                                              No. 08-3505

Police Department because of fabrication—." Defense
counsel objected. After meeting with the parties outside
the presence of the jury, the court allowed the complete
question to be asked, but excluded all further questioning
on the matter. Ritt responded that he had not been
asked to leave the Milwaukee Police Department.

Hollins claims that the court erred in precluding further
questioning because the allegation went to Ritt's credibil-
ity, and "questions of credibility can always be asked."
Hollins also argues that the questioning was not
precluded by the prior motion in limine ruling because
the ruling applied only to Hollins' case-in-chief.

Although Hollins' questioning may not have amounted
to a violation of the limine ruling, the court acted well
within its discretion in disallowing the inquiry. Federal
Rule of Evidence 608(b) provides that, although specific
instances of misconduct of a witness intended for the
purposes of attacking or supporting the witness' character
for truthfulness may not be proved by extrinsic evidence,
they may, in the discretion of the court, be inquired into
on cross-examination of a witness. However, the proba-
tive value of such evidence must still not be outweighed
by the danger of unfair prejudice, confusion of the
issues, or misleading the jury.

In this instance, the allegations of wrongdoing were
neither proven nor found to have any merit and thus
offered little indicia of reliability. The district court, acting
within its discretion, determined that further cross-exami-
nation into the alleged misconduct would have been of
limited probative value, and we agree. We find no abuse
of discretion.

Case:08-3505   Document: 126061   Filed: 07/03/2009   Pages: 13

Finally, Hollins argues that the district the court erred by not presenting the jury with Hollins' proposed instruction concerning the lawfulness of his arrest and the scope of the municipal ordinance that Hollins was charged with violating. Our review of a district court's rejection of a proposed jury instruction is limited. *Maltby v. Winston,* 36 F.3d 548, 560 (7th Cir. 1994). We determine whether the given instructions as a whole were sufficient to inform the jury correctly of the applicable law and will reverse only if the instruction so misguided the jury as to prejudice the litigant. *Lasley v. Moss,* 500 F.3d 586, 589 (7th Cir. 2007).

Hollins sought the following instruction concerning whether Hollins' arrest was justified under the City of Milwaukee's resisting or obstructing an officer ordinance:

> You heard evidence about whether Defendant's conduct complied with the Milwaukee Ordinance prohibiting arresting or obstructing an officer. You may consider the ordinance in your deliberations. But remember that the issue is whether Defendant had probable cause to arrest David Hollins. The ordinance requires only knowing resistance or obstruction. A verbal refusal to comply with an officer's order is not sufficient. Nor is a disagreement with the officer's order resistance or obstruction. A physical act of force is necessary to constitute resisting arrest.

Hollins claims that, because the jury was not instructed according to the language above, its verdict was likely based on an "erroneous belief" of the ordinance's scope. Hollins' argument fails for several reasons. First, the

proposed instruction merely represents Hollins' inter-
pretation of the municipal ordinance, one for which he
offers no credible support or authority. The section of the
Milwaukee Code of Ordinances relating to resisting or
obstructing an officer provides in relevant part that, "[n]o
person shall knowingly resist or obstruct an officer
while the officer is doing any act in an official capacity
and with lawful authority." Milwaukee Code of Ordi-
nances § 105-138. Hollins claims that a verbal refusal to
comply with an officer's order is insufficient to con-
stitute a violation of the municipal ordinance. In support,
he cites an 1875 Wisconsin case, *State v. Welch*, 37 Wis.
196 (Wis. 1875), for the proposition that "mere words
cannot constitute resistance." He cites a more recent case,
*State v. Dearborn*, 758 N.W.2d 463 (Wis. App. 2008), for the
proposition that *Welch* is still "relevant in determining
the legislature's intent." However, neither of these cases
stand for the principal that "obstructing" an officer re-
quires something more than refusing to comply with a
verbal command given in the course of carrying out
official duties.

The issue in *Welch* concerned whether the actions of a
defendant who caused horses to run away from law
enforcement attempting to serve a writ of replevin on
the defendant for the horses amounted to "resisting."
*Welch*, 37 Wis. at 198-99. The court held that it did not.
*Id*. at 204. Although the court did not define "obstruct," it
did indicate that the word included conduct that "resist"
does not. *Id*. at 201. The *Dearborn* court sought to
interpret the legislature's intent of a similar Wisconsin
state statute. *Dearborn*, 758 N.W.2d at 469-71. Noting the

distinction between "resisting" and "obstructing" in *Welch*, the court in *Dearborn* concluded that "in proscribing obstructing in addition to resisting," the legislature "intended to proscribe a broader range of conduct than resisting." *Id*. at 471.

Hollins' contention is undermined by the very authority he uses to support it. Hollins offers no authority to support his assertion that disobeying a police officer's lawful order to leave the area while the officer is in the course of performing his official duties cannot constitute "obstructing."

More importantly, the jury was not asked to determine whether Hollins violated this ordinance, but rather whether the officers had probable cause to effectuate Hollins' arrest. Had Hollins' proposed instruction been accepted by the court, it may well have confused the jury concerning the question it was being asked to answer. Finally, the instructions that the court did provide were correct legal statements and informed the jury of the relevant legal principles that were to be considered. Once again, we find no abuse of discretion.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

7-31-09

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## BILL OF COSTS

August 24, 2009

Taxed in Favor of: APPELLEES: <u>Demetrius Ritt, City of Milwaukee, Charles Libal</u>

| No.: 08-3505 | DAVID HOLLINS, Plaintiff - Appellant<br><br>v.<br><br>CITY OF MILWAUKEE, CHARLES LIBAL, and DEMETRIUS RITT, Defendants - Appellees |
|---|---|

| **Originating Case Information:** |
|---|
| District Court No: 2:05-cv-00623-CNC<br>Eastern District of Wisconsin<br>District Judge James T. Moody |

The mandate or agency closing letter issued in this cause on August 24, 2009.

BILL OF COSTS issued in the amount of: $109.80.

|  |  | Cost of<br>Each Item | Total Cost<br>Each Item |
|---|---|---|---|
| 1. | For docketing a case on appeal or review or docketing any other proceeding: | _____ | _____ |

_____

2. For reproduction of any record or paper, per page:

_____ _____

_____

3. For reproduction of briefs: $ 109.80 _____

_____

4. _____ _____ _____

_____

5. _____

_____ _____ _____

TOTAL: $ 109.80

form name: **c7_BillOfCosts** (form ID: **140**)